UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
**Marshall Division**

| | | |
|---|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| SERTIFI, INC. | § § | |
| Defendant. | § § | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Digital Verification Systems, LLC hereby complains of defendant Sertifi, Inc. ("Sertifi" or "Defendant") as follows:

## PARTIES

1. Plaintiff Digital Verification Systems, LLC ("Digital Verification") is a company organized under the laws of the State of Texas with its principal place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. On information and belief, Defendant Sertifi is a priviately held corporation with its principal place of business located at 350 North LaSalle, Suite 1020, Chicago, Illinois, 60654. On information and belief, Defendant Sertifi regularly conducts business in this judicial district at least through its offers for sale, and sales of infringing systems and services.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over Sertifi based upon its contacts within this forum, including regularly conducting business in this judicial district, by, *inter alia*, selling/offering for sale infringing systems and services in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) or 1400(b).

## THE '860 PATENT

7. United States Patent No. 9,054,860 ("the '860 patent") entitled "Digital Verified Identification System" was duly and legally issued by the United States Patent & Trademark Office on June 9, 2015.

8. Digital Verification owns all right title and interest in the '860 patent. A copy of Digital Verification's '860 patent is attached to this Complaint as Exhibit A.

## DEFENDANTS' INFRINGING ACTIVITIES

9. Without Digital Verification's authorization, Sertifi has made, used, offered for sale and sold in the United States systems that infringe one or more claims of the '860 patent. Additionally, Sertifi has infringed one or more of the method claims of the '860 patent. The Accused Sertifi instrumentalities include, at least its e-signature product and service listed on the Sertifi website at www.sertifi.com (the "Accused Sertifi Instrumentality"). Digital Verification will supplement this list should additional infringing instrumentalities be discovered in due

course. The Sertifi "product" includes the function of electronically signing a document by a verified signatory.

10. Digital Verification has been and will continue to be irreparably harmed by Sertifi's infringement of the '860 patent.

## COUNT 1: PATENT INFRINGEMENT

11. Digital Verification re-alleges each and every allegation above, and incorporates them by reference herein.

12. Sertifi has directly infringed and continues to directly infringe at least claims 1-8, 16, 23-26, 29-30, 37, and 39 of the '860 patent under 35 U.S.C. §271(a), by making and/or importing, using, offering to sell, and selling the Accused Sertifi Instrumentality in or into the United States.

13. Claim 1 is used here to demonstrate Sertifi's infringement of the '860 patent's system claims. The following statements are in no way meant to limit Digital Verification's ability to assert additional system claims of the '860 patent. Infringement contentions pursuant to the local patent rules will be served in due course this case and those contentions are incorporated herein by reference.

14. Claim 1 of the '860 patent recites:

> A digital verified identification system, comprising at least one digital identification module structured to be associated with at least one entity,
>
> A module generating assembly structured to receive at least one verification element corresponding to the at least one entity and create said at lest one digital identification module,

>Said at least one digital identification module being disposable within at least one electronic file, and
>
>Said at least one digital identification module comprising at least one primary component structured to at least partially associate said digital identification module with said at least one entity, wherein
>
>Said at least one digital identification module is cooperatively structured to be embedded within a single electronic file.

15. The Sertifi Accused Instrumentality infringes claim 1 of the '860 by, for example and without limitation, having a module generating assembly that is structured to receive at least one verification element corresponding to an entity, such as a person's email address and/or other authentication elements. The module that is created is disposed within a document to be signed as demonstrated by the fact that clicking on a hyperlink sent to the entity's email address presents the document to be signed on the signatory's device. The module also allows the signatory to sign the document by activating certain interactive boxes placed in the document by the sender, and that electronic signature constitutes one example of a primary component as claimed in the '860 patent. Each electronic file is assigned its own hyperlink and thus the specific module that is associated with such a hyperlink is only used with that single electronic file.

16. In addition, the Accused Sertifi Instrumentality uses its "Track and Manage" functionality to associate metadata components with an electronic file.

17. Claim 26 is used here to demonstrate Sertifi's infringement of the '860 patent's method claims. The following statements are in no way meant to limit Digital Verification's ability to assert additional method claims of the '860 patent. Infringement contentions pursuant to the local patent rules will be served in due course in this case and those contentions are incorporated herein by

reference.

18. Claim 26 of the '860 recites:

A method of digital identification verification, comprising:

Receiving at least one verification data element from an entity,

Creating at least one digital identification module corresponding to the entity, wherein the digital identification module includes at least a primary component at least partially associated with the entity, and

Embedding the at least one digital identification module within an electronic file, wherein

Said at least one digital identification module is cooperatively structured to be embedded within only a single electronic file.

19. Sertifi's Accused Instrumentality infringes claim 26 of the '860 patent, for example and without limitation, by receiving at least one digital identification data element from an entity, e.g. a person's email address and/or other authentication elements.  Sertifi then creates at least one digital identification module corresponding to the entity and sends a hyperlink to that entity's email address. The module contains a primary component such the user name of the entity or the electronic signature of the entity.  The module is embedded within an electronic file as demonstrated by the fact that upon activating the module via a hyperlink sent to the entity, the document to be signed is made accessible to the entity for signing.  Each time an electronic file is sent to an entity for signing the sender creates the electronic file by associating an entity's email address with a document or documents to be signed and the entity receives access via a hyperlink that is only associated with that single electronic file.

20. In addition, the Accused Sertifi Instrumentality uses an "Track and Manage" to associate metadata components with an electronic file.

21. Upon information and belief available to the Digital Verification at the time of the filing of this Complaint, Sertifi has infringed, and continues to infringe, at least claims 1-8, 16, 23-26, 29-30, 37, and 39 of the '860 patent.

## JURY DEMAND

22. Digital Verification requests a trial by jury of all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Digital Verification respectfully prays for:

A. Judgment that Defendant Sertifi has and is infringing United States Patent No. 9,054,860 in violation of 35 U.S.C. § 271(a);

C. An award of damages adequate to compensate Plaintiff Digital Verification for the patent infringement that has occurred pursuant to 35 U.S.C. § 284;

D. An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interest;

E. Such other and further relief as this Court deems just and proper.

Dated:  September 9, 2016         /s/Thomas C. Wright
**Thomas C. Wright**
Texas Bar No. 24028146
**Mathew P. Harper**
Texas Bar No. 24037777

**CUNNINGHAM SWAIM LLP**
7557 Rambler Road, Suite 440
Dallas, Texas  75231
Tel: 214-646-1495
Fax: 214-613-1163

**ATTORNEYS FOR PLAINTIFF DIGITAL VERIFICATION SYSTEMS, LLC.**